EARL FRANKLIN JENKINS AND WIFE, MYRTLE M. JENKINS, PLAINTIFFS-APPELLANTS v. DARRELL W. WILSON, DEFENDANT-APPELLEE

No. 9222SC1284

(Filed 1 February 1994)

**Easements § 54 (NCI4th)— action asserting easement—12(b)(6) dismissal—no error**

The trial court properly granted a dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) in an action claiming an easement where plaintiffs, as purchasers under a land installment contract, did not allege a record claim, did not allege or identify with particular certainty an easement previously held by the vendor, and made no allegation as to the identity of the current owner of the property.

**Am Jur 2d, Easements and Licenses § 117.**

Appeal by plaintiffs from order entered 30 September 1992 by Judge Thomas W. Seay, Jr. in Davidson County Superior Court. Heard in the Court of Appeals 27 October 1993.

*Morrow, Alexander, Tash, Long & Black, by Ronald B. Black, for plaintiffs-appellants.*

*Greeson and Grace, P. A., by Warren C. Hodges, for defendant-appellee.*

JOHNSON, Judge.

Plaintiffs Earl Franklin Jenkins and Myrtle M. Jenkins are purchasing a tract of land in Davidson County through a land installment contract from the record owners of legal title, Christian Paul Tomain and Cynthia G. Tomain. Plaintiffs and their invitees

use a dirt road which crosses the land of defendant to get to Briggstown Road. Plaintiffs have no recorded right of way to use this dirt road. Defendant Darrell W. Wilson removed a drain tile from this roadway causing a portion of the road to collapse.

Plaintiffs filed a complaint and summons against defendant seeking mandatory relief in the form of road repairs, actual and punitive damages for damage to a roadway, and for an order declaring plaintiffs to possess an easement by implication in this roadway across defendant's land. On 7 August 1992, plaintiffs' motion for mandamus relief was denied by the superior court. On 10 August 1992, defendant filed an answer to the complaint, denying any wrongdoing in the use of his property, counterclaiming against plaintiffs for malicious injury to his real property, and claiming the complaint was frivolous in nature.

On 26 August 1992, defendant filed a motion to dismiss as to plaintiffs' complaint, along with a notice of motion and certificate showing service of same. On 8 September 1992, plaintiffs filed and served a reply to counterclaim. On 14 September 1992, upon defendant's motion to dismiss pursuant to N.C.R. Civ. P. 12(b)(6) and after hearing, the trial judge dismissed plaintiffs' complaint. From this order, plaintiffs appeal to our Court.

Plaintiffs argue on appeal that the trial court erred in granting defendant's motion to dismiss, and that the complaint which was filed adequately states a claim upon which relief can be granted. A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. N.C.R. Civ. P. 12(b)(6); *Stanback v. Stanback*, 297 N.C. 181, 254 S.E.2d 611 (1979). A dismissal of a complaint for failure to state a claim upon which relief can be granted is proper when the complaint on its face reveals that no law supports plaintiff's claim or that facts sufficient to make good claim are absent or when some fact disclosed in that complaint necessarily defeats plaintiff's claim. *Jackson v. Bumgardner*, 318 N.C. 172, 347 S.E.2d 743 (1986). In passing on this motion, all allegations of the complaint are deemed true and the motion should not be allowed unless the complaint affirmatively shows that the plaintiff has no cause of action. *Grant v. Insurance Co.*, 295 N.C. 39, 243 S.E.2d 894 (1978).

Plaintiffs argue that they have standing to establish and enforce an easement, as "the record possessors of the alleged dominant tract of an easement implied by prior unification of title.

MEHOVIC v. KEN WILSON FORD

[113 N.C. App. 559 (1994)]

Possession is through a land installment contract with the record owners of the property."

We note that as persons purchasing under a land installment contract, plaintiffs' claim must either be of record, or derivative of the rights of their vendor. Plaintiffs do not allege a record claim in their complaint. Further, plaintiffs do not allege or identify with particular certainty an easement previously held by their vendor. Indeed, there is no allegation as to the identity of the current owner of the property. Therefore, we find that the trial court properly dismissed plaintiffs' complaint pursuant to N.C.R. Civ. P. 12(b)(6).

The decision of the trial court is affirmed.

Chief Judge ARNOLD and Judge WELLS concur.